UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------   X

TOBIANA BEAUVAIS, LEON GILGEOUS, AARON GILGEOUS,

                                    Plaintiffs,

          -against-

THE CITY OF NEW YORK, Police Officer JOSEPH ALGERIO, Shield No. 7322, Police Officer ANTHONY CANALE, Shield No. 15509, Police Officer JAMES GHERARDI, Shield No. 3975, Police Officer JOHN and JANE DOE ONE through TEN in their individual and official capacities as employees of the City of New York,

                                    Defendants.
----------------------------------------------------   X

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 5918 (FB)(RML)

Plaintiffs, TOBIANA BEAUVAIS, LEON GILGEOUS, AARON GILGEOUS, by their attorney, the Rameau Law Firm, allege the following, upon information and belief, for this A m e n d e d  Complaint:

## INTRODUCTION

1.    This is a civil rights action for money damages brought pursuant to 42U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the common law of the State of New York, against the defendants mentioned above in their individual and official capacities, and against the City of New York.

2.    Defendants Police Officer JOSEPH ALGERIO, Shield No. 7322, Police Officer ANTHONY CANALE, Shield No. 15509, Police Officer JAMES GHERARDI, Shield No. 3975, Police Officer JOHN and JANE DOE ONE

through TWO (collectively, the "Defendants") falsely arrested Plaintiffs all without any justification or due cause.

3.     Plaintiffs seek compensatory and punitive damages and an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

4.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

5.     This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

6.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff request that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as Plaintiffs' federal claims.

## VENUE

7.     Under 28 U.S.C. § 1391 (b) and (c), venue is proper in the Eastern District of New York.

## PARTIES

8.     Plaintiff TOBIANA BEAUVAIS was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

9.     Plaintiff LEON GILGEOUS was at all material times a resident of

2

the City of New York, New York State, and of proper age to commence this lawsuit.

10.    Plaintiff AARON GILGEOUS was at all material times a resident of the City of New York, New York State, and of proper age to commence this lawsuit.

11.    Defendant Police Officer JOSEPH ALGERIO, Shield No. 7322 ("Algerio"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Algerio is sued in his individual and official capacities.

12.    Defendant Police Officer Algerio at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

13.    Defendant Police Officer ANTHONY CANALE, Shield No. 15509 ("Canale"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Canale is sued in his individual and official capacities.

14.    Defendant Police Officer Canale at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

15.    Defendant Police Officer JAMES GHERARDI, Shield No. 3975 ("Gherardi"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Gherardi is sued in his individual and official capacities.

16.    Defendant Police Officer Gherardi at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

17.    Defendants JOHN and JANE DOE 1 through 10 were at all relevant times the officers employed by the N.Y.P.D., acting under color of law,

3

to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/ or the City of New York, and acting within the scope of their authority and employment. They are named here in their individual official capacities.

18.   Defendants John and Jane Doe 1 through 10 at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiffs' rights.

19.   Defendant City of New York (hereinafter "The City") is, and was at all relevant times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of officers and supervisory officers, including the Defendants.

## FACTUAL ALLEGATIONS

20.   On July 24, 2014 at approximately 6:00 pm, Plaintiff LEON GILGEOUS and TOBIAN BEAUVAIS were inside their home located at 205-20 116th Road, County of Queens, City and State of New York. All of the sudden, they heard a loud bang. When LEON GILGEOUS looked towards the living room, he saw a group Defendants wearing what appeared to be riot gear screaming with their guns drawn, "Get down onto the floor!" Plaintiffs immediately complied.

21.   Defendants shot plaintiffs' dog with a tranquilizer.

4

22.    Defendants, including ALGERIO, CANALE and GHERARDI handcuffed plaintiff LEON GILGEOUS and TOBIAN BEAUVAIS and began tearing apart their home causing extensive damage. Plaintiffs remained on the floor handcuffed for about an hour. Thereafter, defendants dragged plaintiff LEON GILGOUS in public wearing only long johns and placed him in a police van. Plaintiff TOBIAN BEAUVAIS was also dragged to the police vehicle.

23.    Plaintiff AARON GILGEOUS was on his way home from a store. Defendants, including ALGERIO, CANALE and GHERARDI, arrested plaintiff AARON GILGEOUS as well and dragged him to a police van.

24.    Defendants interrogated plaintiff AARON GILGEOUS about a gun. Mr. Gilgeous denied having any knowledge of the gun. Defendants became irate and threatened to charge his father and his girlfriend with the crime if Mr. Gilgeous would not admit to it.  Mr. Gilgeous insisted that he did not know anything about the gun.

25.    Thereafter, defendants dragged plaintiff LEON GILGEOUS and TOBIAN BEAUVAIS to a police van and transported all three of them to the 113 precinct.

26.    When at the precinct, defendants released LEON GILGEOUS and TOBIAN BEAUVAIS, but kept AARON GILGEOUS in custody. LEON GELGEOUS had to walk all the way home wearing only long johns and socks.

27.    False charges were levied against plaintiff AARON GILGEOUS, which were later adjourned in contemplation of dismissal.

28.    As a result of the Defendants' actions, Plaintiffs suffered serious

physical injuries, mental and emotional harm, loss of liberty, loss of reputation, and other damages.

## FIRST CLAIM
## 42 U.S.C. § 1983

29.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

30.    Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

31.    As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

32.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

33.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

34.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
## State Law False Imprisonment and False Arrest

35.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

36.     By their conduct, as described herein, the individual defendants are liable to plaintiffs for falsely imprisoning and falsely arresting plaintiffs.

37.     Plaintiffs were conscious of his confinement.

38.     Plaintiffs did not consent to his confinement.

39.     Plaintiffs' confinement was not otherwise privileged.

40.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

41.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

**FOURTH CLAIM**
**State Law Assault and Battery**

42.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43.     By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered him.

44.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

**FIFTH CLAIM**
**Denial Of Constitutional Right To Fair Trial**

46.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

47.    The individual defendants created false evidence against Plaintiffs.

48.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

49.    In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

50.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SIXTH CLAIM**
**Malicious Abuse Of Process**

51.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

52.    The individual defendants issued legal process to place Plaintiffs under arrest.

53.    The individual defendants arrested Plaintiffs in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their wrongful search of the apartment.

8

54.     The individual defendants acted with intent to do harm to Plaintiffs without excuse or justification.

55.     As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

56.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

57.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

58.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

59.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

60.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

61.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CLAIM**
**Failure To Intervene**

62.    Plaintiff repeat and reallege each and every allegation as if fully set forth herein.

63.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

64.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

65.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**NINTH CLAIM**
***Monell***

66.    Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

67.    This is not an isolated incident.  The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

68.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the

10

intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

69.    The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

70.    The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

71.    The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## <u>PRAYER   FOR   RELIEF</u>

**WHEREFORE**, plaintiffs respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:      June 10, 2016
            Brooklyn, New York

Amy Rameau, Esq.
The Rameau Law Firm
16 Court Street, 2504
New York, New York 11241
(718) 852-4759
rameaulawny@gmail.com

*Attorney for plaintiffs*

TO:        All  Defendants
           Corporation  Counsel  of the  City of New York

12